UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy Ferrell, formerly # 105592, | )  C/A No. 2:13-498-CMC-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| John Hamilton Smith, Cir Judge; | ) |
| Norman E. Fogle, Solicitor, and | ) |
| Thomas O. MacGregor, Public Defender, | ) |
| | ) |
| Defendants. | ) |
| ———————————————————————— | ) |

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Plaintiff
is a former South Carolina Department of Corrections prisoner who is apparently no longer
incarcerated on several armed-robbery-related convictions that were entered against him in the state
courts in 1981.

This is the eighth civil case (including three habeas actions) that Plaintiff has filed
in this court since 1986, most of which involved some unsuccessful challenge to the 1981
convictions and sentences. In 2000, Plaintiff filed *Ferrell v. Smith*, Civil Action No. 0:00-812-
DWS-BM, a non-habeas civil action in which the same three persons named as Defendants in this
case were also named defendants in that case. The three Defendants: John Hamilton Smith, Norman
E. Fogle, and Thomas O. Mac Gregor, were the trial judge, prosecutor, and defense counsel in the
1981 trial that resulted in Plaintiff's convictions and ultimate prison terms. In Civil Action No.
0:00-812, as in the present case, Plaintiff sought to recover damages from these trial participants,



claiming that they violated his federal constitutional rights  during the prosecution, resulting in allegedly wrongful convictions.  The complaint in Civil Action No. 0:00-812 was summarily dismissed without service on any of the defendants.  *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

In the Complaint now under initial review, Plaintiff alleges that the Defendants violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights by conspiring together and entering an illegal conviction that required him to improperly serve prison time.  (ECF No. 1, Compl. 3).  Plaintiff alleges that the charges on which his convictions were based were raised by indictments that did not bear "true bill" stamps, thus, he contends, the state trial court did not have subject matter jurisdiction to conduct the trial, to convict, or to sentence him.  *Id*.  Because of the length of time since he submitted his initial § 2254 petition to this court in 1986, *Ferrrell v. Leek*, Civil Action No.  3:86-562-SB-CWG, it is not completely clear whether or not this specific claim of lack of subject-matter jurisdiction was raised by Plaintiff in challenging  his convictions and sentence; however, it clearly could have been so raised at the time.  The court's rejection of the initial § 2254 petition was a decision "on the merits" and that foreclosed Plaintiff from raising additional habeas challenges to the convictions and sentences in this court without first obtaining permission to do so, even though he still attempted to do so at least two other times.  *See, e.g.*, Civil Action Nos. 0:99-3280-DWS; 9:10-1223-CMC.  As things currently stand, Plaintiff never had his convictions and sentences overturned or vacated, and it appears that he completed his sentences and was released from prison as some point after the August 16, 2010 conclusion of the most recent case that he filed in this court: *Ferrell v. Warden*, Civil Action No. 9:10-1223-CMC.



At the conclusion of the Complaint in the case now under review, Plaintiff asks this court to award him more than $ 5 million in compensatory and punitive damages from the three named Defendants because of their alleged constitutional violations.  (ECF No. 1, Compl. 5).

## PRO SE REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).  Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is also required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to  a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980)*(per curiam)*.  However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).  Such is the case here.

## DISCUSSION

To the extent that Plaintiff seeks damages from Judge Smith, this suit is barred by



3

the doctrine of judicial immunity.  As the Fourth Circuit has stated relevant to the reasons for the

doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges
> is matchless in its protection of judicial power.  It shields judges even against
> allegations of malice or corruption. . . .  The rules is tolerated, not because corrupt
> or malicious judges should be immune from suit, but only because it is recognized
> that judicial officers in whom discretion is entrusted must be able to exercise
> discretion vigorously and effectively, without apprehension that they will be
> subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*,
*Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial

authority and responsibility is well established and widely recognized.  *See Mireles v. Waco*, 502

U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity,

unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359

(1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of

authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d

514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v.

Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune

from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S.

226 (1991)(immunity presents a threshold question which should be resolved before discovery is

even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to

reduce the need for private damages actions as a means of controlling unconstitutional conduct);

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather

than a mere defense to liability").

       Plaintiff does not state with specificity exactly what it is that he thinks Judge Smith

4



did, other than "conspire" with the other two Defendants to proceed with a criminal trial against him on the charges presented by the Solicitor. Plaintiff does not cite to any specific rulings or statements made by Judge Smith as being in violation of the Constitution. Rather, it appears that he is being sued just because he was the judge in the case and did not dismiss the charges against Plaintiff. There is nothing alleged that would show that Judge Smith was doing anything other than performing his judicial duties in connection with Plaintiff's case. As such, his judicial activities are/were protected from any damage awards by the doctrine of judicial immunity, and he should be summarily dismissed as a party Defendant.

To the extent Plaintiff seeks damages for alleged "unjust incarceration" from Defendant Fogle, the Solicitor who prosecuted his criminal case, this claim is barred by the well-established legal doctrine of prosecutorial immunity. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors have absolute immunity for their prosecution-related activities in or connected with judicial proceedings, to include, but not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D.Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Further, this immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process. *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004).

Here again, there is nothing alleged in the Complaint showing that Solicitor Fogle



was doing anything except performing his prosecutorial duties with regard to Plaintiff's criminal case. Plaintiff does not allege that Fogle violated his rights while performing administrative or investigative activities. *See Imbler v. Pachtman,* 424 U.S. 409, 431 n. 33 (1976). The "conspiracy" that is asserted by Plaintiff was that the parties went forward with the trial and conviction even though the indictments were faulty. Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," *Lyles v. Sparks*, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. *See Springmen v. Williams*, 122 F. 3d 211, 212-13 (4th Cir. 1997). Plaintiff's claims that the trial went forward on faulty indictments go directly to Solicitor Fogle's clearly prosecutorial decisions about when to prosecute and whether to even go forward with a prosecution. As stated above, such decisions are purely prosecutorial functions and are absolutely immune from Plaintiff's claims. *Springmen*; *Lyles*. Plaintiff is not entitled to recover any damages from Defendant Fogle based on his performance of these functions, and he should therefore be summarily dismissed as a party Defendant in this case.

This court also cannot award Plaintiff damages from his Public Defender, Defendant MacGregor, based on allegations of constitutional violations by MacGregor in connection with Plaintiff's legal representation. Such claims are brought in this court under 42 U.S.C. § 1983;[1] but, in order to state a claim for damages under § 1983, an aggrieved party must sufficiently allege that

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

6



he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). However, it is settled law that an attorney, whether retained, court-appointed, *or a public defender*, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976)(private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980)(court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981)(public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Therefore, Defendant MacGregor, a pubic defender, did not act under color of state law in connection with his legal representation of the Plaintiff, and, as a result, Plaintiff's Complaint fails to state a viable § 1983 claim against this Defendant.

Although Plaintiff does not specifically reference or cite to § 1983, that is the only potential basis on which this court can exercise federal question subject-matter jurisdiction under the facts alleged that is evident from the face of the pleadings. In the absence of diversity jurisdiction (which is not available here because all parties are South Carolina residents), this court cannot consider a routine legal malpractice claim against a court-appointed attorney. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992); *see also DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989)(42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law). *Cf. Mitchell v. Holler*, 311



7

S.C. 406, 429 S.E.2d 793 (1993)(legal malpractice case heard in state court); *Yarborough v. Rogers*, 306 S.C. 260, 411 S.E.2d 424 (1991)(same).  Hence, MacGregor is entitled to summary dismissal as a party Defendant.

Finally, even if the Complaint were not otherwise subject to summary dismissal from failure to state plausible § 1983 claims against any Defendant, it would still be subject to summary dismissal as a whole based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).  With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Supreme Court stated in *Heck*:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

As stated above, Plaintiff unsuccessfully pursued an initial § 2254 petition in this court in which some of the same allegations of unconstitutionality made in the Complaint filed in this case were made.  Despite several additional attempts in both this and state courts, Plaintiff was never successful in having his 1981 convictions set aside by way of appeal, PCR, habeas corpus, or



8

otherwise.  *See also, Ballenger v. Owens*, No. 11-1599, 2013 WL 793559 at * 2 n. 5 (4th Cir. Mar.

5, 2013) [Discussing applicability of *Heck* to prisoner who has complete his sentence.]  As a result,

this case is subject to summary dismissal as to all Defendants without issuance of service of process.

## **RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Complaint in this case

*without prejudice*.  *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v.*

*Williams*, 490 U.S. at 324-25.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

April 2, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

